# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

JOSEPH H. PAGE and
FRANCES K. PAGE, Individuals,    )
                              )
         Plaintiffs,     )
                              )
   v.                 )      **Case No. 13-2073-RDR**
                              )
FARM CREDIT SERVICES OF AMERICA,  )
PCA, a federally chartered     )
instrumentality of the United  )
States,                   )
                              )
         Defendant.     )

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to dismiss or, in the alternative, to transfer venue.[1] Defendant seeks dismissal based upon res judicata. In the alternative, defendant seeks to transfer this case to the United States District Court for the District of Nebraska. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

---

[1] Plaintiffs have filed a motion for hearing and a motion to file sur-reply. The court shall deny both motions. The court believes that the parties have thoroughly stated the facts and their positions concerning the issues at hand. There is no need for a hearing on defendant's motion. Moreover, the court finds no need to allow plaintiffs to file a sur-reply. The court allows sur-replies only in rare circumstances, such as "where a movant improperly raises new arguments in a reply." EEOC v. International Paper Co., 1992 WL 370850 at * 10 (D.Kan. Oct. 28, 1992). Plaintiffs argued in their motion that a sur-reply needed to be filed because the defendant "continued to misrepresent various facts" in its reply. The court is not persuaded that merely continuing to misrepresent facts is sufficient to justify the need for a sur-reply. Moreover, the court finds that the parties have adequately set forth the applicable facts.

## I.

The claims in plaintiffs' complaint arise from two loans that they had with the Farm Credit Services of America (FCSA). Plaintiffs had received the loans to purchase cattle and feed for a feedlot in Cedar Rapids, Nebraska that was operated by Big Drive Cattle, LLC, an entity in which plaintiffs had ownership interest. Plaintiffs claim that, during the course of the loans, the defendant failed to properly monitor and inventory the cattle pursuant to the security agreement entered into between the parties. Plaintiffs assert claims of negligent misrepresentation, negligence, fraudulent misrepresentation and breach of good faith and fair dealing.

## II.

The facts as set forth in the various pleadings filed by the parties are as follows. On or about March 10, 2010, Big Drive Cattle, LLC obtained a loan from FCSA and its related entity, Farm Credit Services of America, FLCA (FLCA) to finance Big Drive's purchase of a cattle feedlot in Cedar Rapids, Nebraska. Big Drive is an entity co-owned and operated by plaintiffs. Prior to the purchase, plaintiffs had co-leased the feedlot, sending and feeding cattle there and selling cattle from there. At the same time, Big Drive obtained a loan from FCSA and FLCA to operate the feedlot. The court shall collectively refer to these loans as the "Big Drive Loans." Big Drive provided collateral for the Big Drive Loans which included cattle at the feedlot. In addition, plaintiffs personally

guaranteed payment of the Big Drive Loans.

On or about March 10, 2010, plaintiffs sought and obtained a $2,500,000 loan from FCSA to finance their purchase of cattle to be fed at the feedlot. Plaintiffs allege this loan functioned as an operating line of credit.  In January of 2011, plaintiffs approached FCSA for an additional loan, the proceeds of which were to be used to purchase grain for storage at the feedlot. FCSA loaned plaintiffs $810,000 on January 19, 2011.   The court shall refer to these loans as the "Page Loans."  Plaintiffs executed guarantees of the Page Loans on behalf of their revocable trust.  Plaintiffs also granted FCSA security interests in cattle and corn as collateral for the Page Loans pursuant to the terms of a security agreement dated March 10, 2010. Plaintiffs authorized A. J. Ostrander, as manager of Big Drive, to initiate advances on their $2,500,000 loan.  Plaintiffs allege that they learned in February of 2011 that many cattle at the feedlot, including plaintiffs' cattle, "were missing or had been sold, with no money being paid to the owner of the specific cattle missing or sold."  According to plaintiffs, they were notified by FCSA on or about March 2, 2011 that their loan for their operating line of credit was being terminated for inadequate collateralization.

On September 9, 2011, the owners of Big Drive placed Big Drive into bankruptcy in the United States Bankruptcy Court for the District of Nebraska.  Plaintiffs filed a proof of claim in the Big

Drive Bankruptcy seeking to recover $2,315,000.00. The stated basis for their claim was: "Cattle on Debtor's premises that were lost, sold or moved off premises without owners consent and/or payment, and corn on Debtor's premises involved in fire loss, or utilized by Debtor without consent or payment." The Official Committee of Unsecured Creditors in the Big Drive Bankruptcy objected to the Pages' proof of claim claiming it lacked sufficient evidence of the cause, nature and extent of their alleged losses. Plaintiffs filed a response to the objection and provided further detail regarding their alleged loss of cattle and corn at the Feedlot. Plaintiffs later agreed to settle their claim.

On September 22, 2011, FCSA and FLCA filed an action in the United States District Court for the District of Nebraska against the plaintiffs and the owners of Big Drive seeking to recover under their personal guarantees of the Big Drive Loans. At the Pages' request, the case was referred to the United States Bankruptcy Court for the District of Nebraska. While the action was pending before the Nebraska Bankruptcy Court, the Pages filed a counterclaim against FCSA and FLCA alleging, inter alia, that FCSA and FLCA had breached their alleged duty to properly count the cattle at the feedlot and to accurately report that count to the Pages. FCSA and FLCA moved to dismiss the Pages' counterclaim on the grounds that the Nebraska Bankruptcy Court lacked jurisdiction over the state law

counterclaims or, alternatively, for a more definite statement.  The Bankruptcy Court agreed with FCSA and FLCA's jurisdictional argument and recommended that the Nebraska District Court withdraw the reference. The Nebraska District Court agreed and the case was transferred back to the Nebraska District Court.

After the action had been returned to the Nebraska District Court, the Pages again filed a counterclaim based on the allegations that FCSA undertook a duty to accurately keep count of cattle and inventory at the feedlot, that the duty was breached, that FCSA misrepresented the cattle and inventory at the feedlot and that the Pages were damaged as a result. FCSA and FLCA again filed a motion to dismiss the counterclaim or, alternatively, for a more definite statement.  The District of Nebraska granted this motion to dismiss without prejudice.

The Pages then filed an amended counterclaim. In their amended counterclaim, the Pages alleged: "Farm Credit, by and through its employee and/or agent, made representations to the Pages regarding the state of the collateral, specifically monthly statements detailing the cattle and inventory represented on the feed lot."  The Pages also alleged that "[t]he Pages relied in good faith upon [Farm Credit] to accurately report its collateral" and that "[Farm Credit's] failure to properly and accurately report the cattle inventory after representing it to the Pages it was doing so directly harmed the

Pages." The Pages further alleged that FCSA undertook a duty to accurately keep count of cattle and inventory at Big Drive and communicated that information to the Pages and that the Pages were damaged as a result.

On August 3, 2012, the Pages' amended counterclaim was dismissed with prejudice. The Nebraska Federal Court's Memorandum and Order dismissing the amended counterclaim stated, in part:

> Defendants attempted to plead their counterclaims twice, without success. Even after receiving direction from the Court in its previous Memorandum and Order, deficiencies similar to those in the original counterclaims remain. Nothing in the Defendants' briefs in response to the Plaintiffs' motions to dismiss suggests that further amendment of the counterclaims would be likely to cure the deficiencies. This case was filed on September 22, 2011, and the matter of the Defendants' counterclaims has been before this Court since the filing of the Plaintiffs' original motions to dismiss on February 20, 2012. Any delays in the progress of the case have been due to the Defendants' requests for extensions of time to answer and file briefs. Any further delay to allow the Defendants a third attempt to plead their counterclaims would result in unfair prejudice to the Plaintiffs. Therefore, the amended counterclaims will be dismissed with prejudice.

The Pages appealed the dismissal of their amended counterclaim to the United States Court of Appeals for the Eighth Circuit. Oral argument in that appeal was scheduled for May 15, 2013 in Omaha, Nebraska.

III.

The defendants contend that res judicata bars the instant claims made by the plaintiffs. The defendants, relying on Nebraska law, argue that the claims asserted here were considered or should have been considered by the Nebraska District Court. They point to the claims where the Pages allege that FCSA had an obligation to them to accurately count the cattle at the feedlot and report that count to them.

Plaintiff contends that res judicata does not apply here because the claims here are different than those raised in the Nebraska District Court concerning the Big Drive Loans. Plaintiffs point out that the claims in this case arise from the personal loans they entered into with the FCSA, not the business loans that Big Drive entered into with the FCSA. Although the nature of the claims has some similarities, plaintiffs argue that the specific loans involved are indeed distinct and different here and, thus, preclude the application of res judicata.

The res judicata effect of a judgment rendered by a federal court in a diversity action is determined by federal common law. Tri-State Truck Ins. Ltd. v. First Nat'l Bank of Wamego, No. 12-2291-KHV, 2013 WL 1087608 at *10 (D.Kan. Mar. 14, 2013). In so doing, the forum court should apply the law of the state in which the judgment was rendered. Id. Here, the court must consider the law of Nebraska. Nebraska law regarding res judicata provides that a plaintiff is

barred from re-litigating:

> a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions.

Eicher v. Mid Am. Fin. Inc. Corp., 270 Neb. 370, 702 N.W.2d 792, 809 (2005)(citations omitted).

The court is in agreement with plaintiffs here. The matters involved in this case were not litigated by the parties in the Nebraska action. The defendant has suggested that these claims *should have been litigated* in the Nebraska action. The court is not persuaded that these claims had to be raised there since the loans involved in this case were not a part of that case. These claims had to be raised in the Nebraska litigation if they constituted compulsory counterclaims. The defendant has made no argument that these claims constituted compulsory counterclaims and, given the fact that these claims arise from different loans, the court is not convinced that they constitute compulsory counterclaims. The court recognizes that the claims raised here involve similar allegations to those raised in the Nebraska litigation. These similar allegations arise from the fact that the defendant was responsible for the administration of both of these sets of loans. Nevertheless, since different loans are involved, plaintiffs can assert these

claims in this action.  The doctrine of res judicata does not apply.

IV.

With this decision, the court shall consider defendant's argument that this case should be transferred to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).  The defendant contends that all of the factors that the court must consider under § 1404(a) point to transfer to the Nebraska federal court.  Plaintiffs, on the other hand, suggest that the court should favor their forum selection.  They contend that transfer will simply shift the inconvenience and deny them their choice of forum.

Under 28 U.S.C. § 1404(a), a district court may transfer a case to another venue in which it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).  In deciding whether the movant has met that burden, a district court should consider:

> the plaintiff's choice of forum; the accessibility of
> witnesses and other sources of proof, including the
> availability of compulsory process to insure attendance
> of witnesses; the cost of making the necessary proof;
> questions as to the enforceability of a judgment if one
> is obtained; relative advantages and obstacles to a fair
> trial; difficulties that may arise from congested dockets;
> the possibility of the existence of questions arising in
> the area of conflict of laws; the advantage of having a

> local court determine questions of local law; and, all
> other considerations of a practical nature that make a
> trial easy, expeditious and economical.

Id. at 1516 (internal quotation marks omitted). Unless weighing these

factors demonstrates that "the balance is strongly in favor of the

movant, the plaintiff's choice of forum should rarely be disturbed."

Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167

(10th Cir. 2010)(brackets and internal quotation marks omitted).

"The party moving to transfer a case pursuant to § 1404(a) bears the

burden of establishing that the existing forum is inconvenient."

Id.(quoting Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)).

"Merely shifting the inconvenience from one side to the other,

however, obviously is not a permissible justification for a change

of venue." Id.(quoting Scheidt, 956 F.2d at 966).

The defendant contends that nearly all of the facts relevant

to plaintiffs' claims occurred in Nebraska--either at FCSA's offices

or at the feedlot. Based upon the allegations contained in

plaintiffs' complaint, defendant asserts that the following events

occurred in Nebraska: (1) FCSA's failure to maintain accurate cattle

counts; (2) FCSA's failure to monitor sales revenue generated by

cattle sales; (3) FCSA's failure to properly account for monies from

the sale of plaintiffs' collateral; (4) FCSA's failure to monitor the

sale of cattle; and (5) misled plaintiffs as to the number of cattle

at the feedlot resulting in plaintiff purchasing more corn than

necessary.    The defendant further argues that plaintiffs have
alleged that FCSA made fraudulent statements to their manager in
Nebraska.    The defendant contends that only one allegation was made
by plaintiffs concerning Kansas: that they received reports in Kansas
concerning the number of cattle in Nebraska.

The defendants also assert that most of the witnesses and
relevant documents are located in Nebraska.    The defendant notes
that it plans to call eight FCSA witnesses, and all of them reside
outside of Kansas.    The defendant further plans to call at least six
other witnesses, and they reside in either Nebraska or Colorado.
They note that plaintiffs have only two party witnesses who are
located in Kansas, themselves.    The defendant further notes that
most of the material documents are in the possession of non-party
witnesses who are located in Nebraska.

Finally, the defendant contends that other factors support
transfer.    The defendant contends that the cost of this litigation
would be greater in Kansas because most of their witnesses are in
Nebraska.    They further note the lack of subpoena power over some
witnesses by this court.    The defendant further argues that the fact
that other litigation between these parties has occurred in Nebraska
weighs strongly in favor of transfer of this case to Nebraska.

Plaintiffs contend that the facts support denial of defendant's
motion to transfer.    Plaintiffs argue that the case should remain

in Kansas because (1) the loans at issue were signed in Kansas and then mailed to the defendant; (2) the loan proceeds were used to buy cattle and most of those purchases were made in Kansas; (3) the defendant submitted monthly statements to them in Kansas showing plaintiffs' inventory; and (4) the defendant provided notice of termination of the loan to plaintiffs in Kansas. Plaintiffs further note that the alleged misrepresentations by defendant were made to plaintiff in Kansas.

Plaintiffs allege that the "significant and material" witnesses in this case reside in Kansas. Plaintiffs have identified nine witnesses who reside in Kansas. Plaintiffs also counter that "many, if not more of the documents are located in Kansas, not Nebraska." Plaintiffs state that it would be more costly for them to litigate this case in Nebraska than it would be for the defendants to litigate this case in Kansas. Plaintiffs further note that the defendant chose to transact business in Kansas and that forcing it to litigate in Kansas would not be unfair. Plaintiffs argue that the law of Kansas governs its claims because the loans were entered into in Kansas and the misrepresentations were made in Kansas.

In reply, the defendant contends that certain witnesses, particularly those located in Nebraska, would be important to the claims asserted by plaintiffs. In particular, the defendant asserts that the testimony of the former manager of Big Drive, Mr.

12

Ostrander, would be "critical," and his last known address is in
Nebraska.  The defendant further indicates that most of Big Drive's
records are in the "hands of accountants and/or attorneys who reside
in Nebraska."  Finally, the defendant suggests that many of the
witnesses noted by plaintiffs would not have information regarding
the Big Drive inventories and plaintiffs have failed to provide any
factual support for their contention that they do possess such
information.

A. Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the
plaintiff's choice of forum should rarely be disturbed."  Emp'rs Mut.
Case. Co., 618 F.3d at 1167-68(quoting Scheidt, 956 F.2d at 965).  The
plaintiff's choice of forum does receive less deference if the
plaintiff does not reside in the district or if the facts underlying
the suit have no significant connection to the chosen forum.  See
id. at 1168(citations omitted).  The court finds this factor weighs
against transfer.  Plaintiffs reside in Kansas and the claims giving
rise to this lawsuit relate to Kansas, even though many events
occurred in Nebraska.  The court finds that plaintiffs' choice of
forum in Kansas should not be disturbed unless the balance of the
remaining factors is strongly in favor of transfer.


B.  Accessibility of Witnesses/Documents

13

The Tenth Circuit has applied the second factor as follows:

The convenience of witnesses is the most important factor in deciding a motion under § 1404(a). To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.

Id. at 1169(citations and internal quotations omitted).

Both parties have identified their witnesses in this case. Both sides contend that their witnesses are important to the litigation. Both sides also belittle the importance of the witnesses noted by the other side. Both parties have also argued that most of the relevant documents in the case are located in the state where they believe the trial should occur.

The court notes the defendant has identified eight witnesses that it employs that it has deemed as important witnesses. All but one of these witnesses purportedly resides in Nebraska. The defendant has also identified six other witnesses and they reside in Nebraska and Colorado. The defendant asserts that some of these witnesses will be outside the subpoena power of this court. Plaintiffs, on the other hand, have identified nine witnesses that they believe are significant to this case and they reside in Kansas. Plaintiffs contend that some of these witnesses will be outside the subpoena power of the court in Nebraska if the case is transferred.

14

In evaluating this factor, the court believes that transfer of this case would simply shift the inconvenience of the witnesses of the opposing party. The court notes that the defendant has control over many of its witnesses and can order them to appear for trial in Kansas. In addition, the defendant has not shown that any of its stated witnesses would not attend trial in this court or could not satisfactorily provide their testimony by deposition. Thus, the court is not persuaded that the defendant has made the showing under this factor required by the Tenth Circuit. Accordingly, this factor weighs against transfer in this case.

C.   Costs of Making the Necessary Proof

Both sides have argued that the cost of litigating this case in the other forum would be greater. However, neither side has provided any evidence of the relative cost of litigating this case in either Kansas or Nebraska. Accordingly, the court cannot weigh this factor in favor of transfer. See id. at 1169.

D. Enforceability of Judgment

The defendant has not identified any potential problem with the enforceability of a judgment obtained in this court. Thus, this factor does not weigh in favor of transfer.

E.   Relative Advantages and Obstacles to a Fair Trial

The defendant has not identified any way in which the likelihood of a fair trial in this case relates to the particular forum. Thus,

this factor does not weigh in favor of transfer.

F.  Difficulties from Congested Dockets

The defendant has not indicated that the dockets in Kansas are more congested than those in Nebraska.  Thus, this factor also does not favor transfer.

G.  Conflict of Laws and Questions of Local Law

The defendant has suggested that this case should be transferred because Nebraska law applies to the res judicata issue.  The court agrees that Nebraska law applies to the res judicata issue.  However, that decision has been made by the court in this opinion.  The defendant has not responded to plaintiffs' contention that Kansas law applies to its claims because the loans were entered into in Kansas and the misrepresentations were made in Kansas.  At this point, given the failure of the defendant to counter the arguments of plaintiffs, the court is inclined to find that Kansas law is applicable to the claims made by the plaintiffs.  Accordingly, the court concludes that this factor does not weigh in favor of transfer in this case.

H.  Other Considerations

The defendant has argued that this case should be transferred to Nebraska because the Nebraska federal court has considered claims related to the ones raised by the plaintiffs here.  The defendant suggests that transfer would conserve judicial resources and avoid inconsistent  results.   The  court  is  not  persuaded  that  the

defendant's arguments are significant.  While this factor may favor transfer, it is not of great importance since the Nebraska court decided these claims in the early stages of its litigation.

I.  Summary

The court finds that the defendant has not shown that litigating this case in Nebraska would be more convenient than litigating it here.  The accessibility of witnesses presents some issues that favor transfer, but overall, the court finds that transfer would merely shift the inconvenience and deny plaintiffs their choice of forum.  Accordingly, the court denies the motion for transfer of venue.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or, in the alternative, to transfer venue (Doc. # 7) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave file sur-reply (Doc. # 15) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing (Doc. # 16) be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2013, at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge